## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **Healthness LLC,** | Case No. |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Timex Group USA, Inc.,** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Healthness LLC ("Plaintiff"), through its attorneys, complains of Timex Group USA, Inc. ("Defendant"), and alleges the following:

### PARTIES

2.      Plaintiff Healthness LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003, New York, NY 10001.

3.      Defendant Timex Group USA, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 555 Christian Road Middlebury, CT 06762.

### JURISDICTION

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8.      Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,445,298; and 6,696,957 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '298 PATENT

9.      The '298 Patent is entitled "System and method for remotely monitoring movement of individuals," and issued 2002-09-03. The application leading to the '298 Patent was filed on 2000-12-21. A true and correct copy of the '298 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '957 PATENT

10.     The '957 Patent is entitled "System and method for remotely monitoring movement of individuals," and issued 2004-02-24. The application leading to the '957 Patent was filed on 2002-05-28. A true and correct copy of the '957 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

## COUNT 1: INFRINGEMENT OF THE '298 PATENT

11.    Plaintiff incorporates the above paragraphs herein by reference.

12.    **Direct Infringement**. Defendant directly infringed one or more claims of the '298 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '298 Patent also identified in the charts incorporated into this Count below (the "Exemplary '298 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '298 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

13.    Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '298 Patent Claims, by having its employees internally test and use these Exemplary Products.

14.    Exhibit 3 includes charts comparing the Exemplary '298 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '298 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '298 Patent Claims.

15.    Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

16.    Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '957 PATENT

17.    Plaintiff incorporates the above paragraphs herein by reference.

18.    **Direct Infringement**. Defendant directly infringed one or more claims of the

'957 Patent in at least this District by making, using, offering to sell, selling and/or importing,

without limitation, at least the Defendant products identified in the charts incorporated into this

Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary

method claims of the '957 Patent also identified in the charts incorporated into this Count below

(the "Exemplary '957 Patent Claims") literally or by the doctrine of equivalents. On information

and belief, numerous other devices that infringed the claims of the '957 Patent have been made,

used, sold, imported, and offered for sale by Defendant and/or its customers.

19.    Defendant also directly infringed, literally or under the doctrine of equivalents,

the Exemplary '957 Patent Claims, by having its employees internally test and use these

Exemplary Products.

20.    Exhibit 4 includes charts comparing the Exemplary '957 Patent Claims to the

Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products

practice the technology claimed by the '957 Patent. Accordingly, the Exemplary Defendant

Products incorporated in these charts satisfy all elements of the Exemplary '957 Patent Claims.

21.    Plaintiff therefore incorporates by reference in its allegations herein the claim

charts of Exhibit 4.

22.    Plaintiff is entitled to recover damages adequate to compensate for Defendant's

infringement.

## JURY DEMAND

23.    Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully

requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    A judgment that the '298 Patent is valid and enforceable

B.    A judgment that Defendant has infringed directly one or more claims of the '298

Patent;

C.    A judgment that the '957 Patent is valid and enforceable

D.    A judgment that Defendant has infringed directly one or more claims of the '957

Patent;

E.    An accounting of all damages not presented at trial;

F.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284

for Defendant's past infringement at least with respect to the '298; and '957

Patents.

G.    And, if necessary, to adequately compensate Plaintiff for Defendant's

infringement, an accounting:

i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285

and that Plaintiff be awarded its reasonable attorneys fees against Defendant

that it incurs in prosecuting this action;

ii.    that Plaintiff be awarded costs, and expenses that it incurs in prosecuting

this action; and

iii.    that Plaintiff be awarded such further relief at law or in equity as the Court

deems just and proper.

Dated: March 7, 2025                    Respectfully submitted,

                                        /s/ Antranig Garibian (DE Bar No. 4962)

Antranig Garibian (DE Bar No. 4962)
Garibian Law Offices, P.C.
1523 Concord Pike, Suite 400
Wilmington, DE 19803
(302) 722-6885
ag@garibianlaw.com

Isaac Rabicoff
Rabicoff Law LLC
(*Pro hac vice* application forthcoming)
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com


**Counsel for Plaintiff**
**Healthness LLC**