UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

No. 1:25-cv-00270

**Healthness LLC,**
*Plaintiff,*

v.

**Timex Group USA, Inc.,**
*Defendant.*

# ORDER

This case was reassigned to the undersigned judge on May 6, 2025. Previously, the court had entered an order setting a scheduling conference and directing the parties to file a proposed scheduling order. Doc. 10. Due to the reassignment, this prior order is withdrawn and the scheduling conference set for May 30, 2025, is canceled. Instead, pursuant to Federal Rules of Civil Procedure 16(b) and 26, the court enters this new order to facilitate entry of a scheduling order and promote the possible early settlement of this case.

Pursuant to Rule 26(f), counsel for each party shall confer by May 30, 2025, (the "Rule 26(f) conference") and (1) consider the nature of and grounds for their claims and defenses; (2) discuss the potential for promptly resolving the case; (3) arrange for the disclosures required by Rule 26(a)(1) as well as the authorizations required to obtain any medical, wage and earning, or Social Security Administration records; and (4) prepare a joint report.

The joint report shall be filed within 14 days after the Rule 26(f) conference and, in any event, no later than June 13, 2025. At least one counsel for each party shall sign the report. Additionally, the report shall contain:

(1) A brief statement of the claims and defenses;

(2) The jurisdictional basis for the suit;

(3) The existence of any additional related cases and the appropriateness of consolidation;

(4) Proposed deadlines for dispositive motions and objections to experts (i.e., *Daubert* and similar motions) (note: the dispositive-motion deadline cannot be less than 90 days before trial; the court prefers 120 days);

(5) Whether the parties expect to provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case;

(6) A proposed plan and schedule for discovery, including a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;

(7) Whether document production should proceed by requests for production or mandatory disclosure;

(8) Any proposed changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other discovery limitations, including whether the parties should be required to disclose the legal theories and factual bases of their claims and defenses along with their Rule 26(a)(1) disclosures;

(9) Proposed rules for disclosure or discovery of electronically stored information (ESI);

(10) Any proposed means for the protection of trade secrets, confidential business information, or other proprietary information;

(11) Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;

(12) A proposed pretrial conference date, proposed trial date, estimated number of days required for trial, and whether a jury has been demanded;

(13) Objections to Rule 26(a)(1) asserted by either party, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

(14) The parties' position on mediation or arbitration to resolve this litigation, including:

- Whether the parties believe mediation or arbitration would be helpful to settlement and if not, specific reasons why not;
- When during the litigation mediation or arbitration would be most effective (e.g., before discovery, after limited discovery, after discovery closes, after filing dispositive motions, etc.); and
- Whether the parties prefer to mediate with a private mediator (at the parties' expense) or with a United States Magistrate Judge;

(15) Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

(16) Whether a conference with the court is desired;

(17) The status of settlement negotiations, which shall not disclose settlement figures;

(18) A statement that counsel for each party has reviewed the undersigned's order regulating practice (Doc. 15) and that counsel for each party understands that noncompliance with the Federal Rules of Civil Procedure, the court's local rules, or Judge Barker's standing orders may result in sanction or other disadvantage; and

(19) Any other matters relevant to the status and disposition of this case, including any other orders that the parties propose for the court to issue under Rules 16(b) and (c) and 26(c).

Additionally, as an appendix to the joint report, the parties shall include a proposed scheduling order. This proposed order should be based on the model for non-ANDA patent cases available on Judge Noreika's website. The parties must email a Word version of the proposed scheduling order to:

    Judge_Barker_ECFDocs@txed.uscourts.gov.

If the parties cannot agree on a proposal for a particular item, the joint report shall contain each party's suggestion and the reasons why the parties disagree.

Accordingly, a Rule 16 pretrial conference is set for June 27, 2025, at 10 a.m. by telephone. Lead counsel for each party, or counsel with binding authority for each party, shall participate. The parties shall call the court once counsel for all parties are on the line. The court will provide the telephone number and dial-in instructions on the docket after the parties file their joint report. Following the conference, the court will issue a scheduling order. The court may cancel the conference based on the needs of this case and the information contained in the joint report.

Unless this is an action exempted by Rule 26(a)(1)(E) or objection to disclosure is asserted in good faith at the Rule 26(f) conference, or the parties stipulate to modify required initial disclosures, as provided in Rule 26(a)(1)(C), the parties must make the disclosures described in Rule 26(a)(1) by June 13, 2025.

*So ordered by the court on May 15, 2025.*

J. CAMPBELL BARKER
United States District Judge